IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CALVIN SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-66 |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety due to failure to state a claim and failure to follow this Court's February 23, 2021 Order. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because I have recommended dismissal of Plaintiff's Amended Complaint, I **DENY as moot** Plaintiff's Motion to Discharge, Motion for Alternative Dispute Resolution, and Motion for Order to Serve Defendant(s) Pursuant to Federal Rule Civil Procedure 4(c)(3). Docs. 10, 11, 16.

## PLAINTIFF'S CLAIMS[1]

Plaintiff states he intends to sue pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Doc. 18 at 3. Plaintiff asserts he was granted a writ of habeas corpus on July 6, 2016. Id. at 5. However, Plaintiff contends he was unconstitutionally held as a county jail inmate for five and a half months after being granted a writ of habeas corpus. Id. In his Amended Complaint, Plaintiff lists Thomas Gramiak, Ms. Crawford, Ms. Johnson, Mr. Kilpatrick, and Gregory Dozier as Defendants. Id. at 2–3, 8–9. However, Plaintiff has not stated any specific actions these Defendants took to deprive him of his constitutional rights.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017). Plaintiff initially filed a Complaint on May 26, 2020. Doc. 1. Then on March 11, 2021, after being ordered to do so by this Court, doc. 17, Plaintiff filed an Amended Complaint. Doc. 18. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). The Court informed Plaintiff his Amended Complaint "will supersede and replace his original Complaint." Doc. 17 at 4.

2

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.    Failure to State a Claim**

Plaintiff lists Defendants Gramiak, Crawford, Johnson, Kilpatrick, and Dozier as Defendants in his case heading and "relief" section.  Doc. 18 at 2–3, 8–9.  However, Plaintiff fails to mention these Defendants anywhere else in his Amended Complaint.  Plaintiff has not explained how any of these Defendants deprived him of his constitutional rights.  Thus, Plaintiff has not stated sufficient factual matter to state a plausible claim.  Ashcroft, 556 U.S. at 678.

**II.   Failure to Follow Court Order**

**A.   Legal Standard**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x

---

[2]    In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Plaintiff was forewarned of the consequences of failing to comply with this Court's Order.  Doc. 17.

716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); <u>see also</u> <u>Coleman</u>, 433 F. App'x at 718; <u>Sanders v. Barrett</u>, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing <u>Kilgo v. Ricks</u>, 983 F.2d 189, 192 (11th Cir. 1993)); <u>cf.</u> Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  <u>Brown v. Tallahassee Police Dep't</u>, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  <u>Thomas v. Montgomery Cnty. Bd. of Educ.</u>, 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)</u>, 62 F.3d 1356, 1366 (11th Cir. 1995)); <u>see also</u> <u>Taylor v. Spaziano</u>, 251 F. App'x 616, 619 (11th Cir. 2007) (citing <u>Morewitz</u>, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  <u>Taylor</u>, 251 F. App'x at 619; <u>see also</u> <u>Coleman</u>, 433 F. App'x at 719; <u>Brown</u>, 205 F. App'x at 802–03.

**B.     Analysis**

In its February 23, 2021 Order, the Court stated, "The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation." Doc. 17 at 4.  The Court further explained a complaint must contain sufficient factual matter taken as true to state a plausible claim.  Id. at 2.  Plaintiff did not identify each Defendant responsible for each alleged violation, nor did he state sufficient factual matter taken as true to state a plausible claim.  Additionally, the Court noted in its February 23, 2021 Order Plaintiff did not sufficiently fill out the Court-approved civil rights complaint form.  Id. at 2–3.  Plaintiff has still not fully and accurately completed the required fields in the Court-approved civil rights comlaint form.  When asked whether Plaintiff had filed other lawsuits dealing with the same facts or other lawsuits relating to the conditions of his imprisonment, Plaintiff checked "No."  Id. at 13–14.  However, the Court is aware of numerous other lawsuits filed by Plaintiff, which include: Smith v. Wilkes, 2:17-cv-137; Smith v. Harrison, 2:19-cv-57; Smith v. Brunswick Jud. Cir., 2:20-cv-54; Smith v. Brunswick Jud. Cir., 2:20-cv-55; Smith v. Melton, 2:20-cv-118; and Smith v. Glynn Cnty. Det. Ctr., 2:20-cv-119.  Many of these previous lawsuits relate to the same set of facts presented to the Court in this case.  Therefore, Plaintiff has made a clear misrepresentation to the Court in his Amended Complaint.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to

dismissal). Therefore, the Court should also dismiss Plaintiff's Amended Complaint due to Plaintiff's failure to comply with the Court's February 23, 2021 Order.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety due to failure to state a claim and failure to follow this Court's February 23, 2021 Order.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Because I have recommended dismissal of Plaintiff's Amended Complaint, I **DENY as moot** Plaintiff's Motion to Discharge, Motion for Alternative Dispute Resolution, and Motion for Order to Serve Defendant(s) Pursuant to Federal Rule Civil Procedure 4(c)(3).  Docs. 10, 11, 16.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of June, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA